## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| WHITNEY WETHERHILLL STROH, | : | Civil Action No. 2:21-cv-04280-JMV-JBC |
| Plaintiff, | : |  |
| | : | **Hearing Date:  May 3, 2021** |
| v. | : | |
| FRANCES ROBERTSON STROH, | : | **ORAL ARGUMENT REQUESTED** |
| Defendant. | : | |
| | : | |

### BRIEF IN SUPPORT OF THE DEFENDANT'S MOTION TO DISMISS COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(2) AND 12(b)(6) AND EXEMPT ACTION FROM COMPULSORY ARBITRATION

CARELLA, BYRNE, CECCHI, OLSTEIN,
 BRODY & AGNELLO, P.C.
5 Becker Farm Road
Roseland, New Jersey 07068
(973) 994-1700
(973) 994-1744 (Fax)
 (cwestrick@carellabyrne.com)
 (bfenlon@carellabyrne.com)
Attorneys for the Defendant
Frances Robertson Stroh

**Of Counsel and On the Brief:**
    Christopher H. Westrick, Esq. (043721997)

**On the Brief:**
    Charles M. Carella, Esq. (022281989)
    Brian H. Fenlon, Esq. (035071987)

## TABLE OF CONTENTS

**TITLE**                                                                                          **PAGE(S)**

TABLE OF AUTHORITIES ......................................................................................... iii

PRELIMINARY STATEMENT ................................................................................... 1

STATEMENT OF FACTS ........................................................................................... 2

PROCEDURAL HISTORY ........................................................................................... 2

LEGAL ARGUMENT ................................................................................................... 3

    I.    BECAUSE THE PLAINTIFF IS UNABLE TO DEMONSTRATE THAT THIS COURT HAS EITHER SPECIFIC OR GENERAL PERSONAL JURISDICTION OVER MS. STROH, THE COMPLAINT SHOULD BE DISMISSED PURSUANT TO FED.R.CIV.P. 12(b)(2) ........................................................................... 3

    II.    ███████████████████████████████████████

    III.    THE FIRST COUNT OF THE COMPLAINT MUST BE DISMISSED BECAUSE IT DOES NOT STATE A VIABLE CHILD SEX ABUSE CLAIM AGAINST MS. STROH. ................................................... 21

    IV.    THE SECOND AND THIRD COUNTS OF THE COMPLAINT MUST BE DISMISSED BECAUSE SUCH CLAIMS ARE TIME-BARRED AND THEY DO NOT STATE VIABLE CLAIMS AGAINST MS. STROH. ......................................................................... 22

    V.    THE FOURTH COUNT OF THE COMPLAINT MUST BE DISMISSED BECAUSE ANY SUCH CLAIM IS TIME-BARRED AND IT DOES NOT STATE A VIABLE INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS CLAIM AGAINST MS. STROH. ......................................................................... 25

    VI.    THE STANDARDS GOVERNING MS. STROH'S MOTION TO DISMISS PURSUANT TO RULE 12(b)(6). ....................................... 28

VII.  MS. STROH'S MOTION TO VACATE AND EXEMPT THIS ACTION FROM COMPULSORY ARBITRATION SHOULD BE GRANTED BECAUSE IT IS INELIGIBLE FOR SUCH ARBITRATION AND THAT DESIGNATION WAS MISTAKEN. .................31

CONCLUSION....................................................................................................................33

# TABLE OF AUTHORITIES

**Cases** **Page(s)**

Abboud v. Viscomi,
    111 N.J. 56 (1988) ........................................................................................22, 23

Acevedo v. Msgr. Donovan High School,
    420 F.Supp.2d 337 (D.N.J. 2006) ................................................................26

Ashcroft v. Iqbal,
    129 S. Ct. 1937 (2009) ............................................................................27, 30

Baird v. American Medical Optics,
    155 N.J. 54 (1988) ........................................................................................22

Barrentine v. N.J. Transit,
    2013 WL 4606781 (D.N.J., Aug. 28, 2013) ................................................25

In re Bayside Prison Litig.,
    190 F.Supp.2d 755 (D.N.J. 2002) ................................................................30

Bell Atlantic Corp. v. Twombly,
    550 U.S. 544 (2007) ................................................................................28, 30

Bilotti v. Accurate Forming Corp.,
    39 N.J. 184 (1963) ..................................................................................14, 19

Buckley v. Trenton Saving Fund Society,
    111 N.J. 355 (1988) ................................................................................26, 27

Burd v. N.J. Telephone Co.,
    76 N.J. 284 (1978) ........................................................................................23

In re Burlington Coat Factory Sec. Litig.,
    114 F.3d 1410 (3d Cir. 1997) ......................................................................30

Calder v. Jones,
    465 U.S. 783 (1984) ..................................................................................6, 7

Campanello v. Port Authority of NY/NJ,
    590 F.Supp.2d 694 (D.N.J. 2008) ................................................................25

Capparelli v. Lopatin,
    459 N.J. Super. 584 (App. Div. 2019) ..............................................15, 16, 19

Carney v. Finn,
    145 N.J. Super. 234 (App. Div. 1976) ........................................................22

Carteret Savings Bank, FA v. Shushan,
    954 F.2d 141 (3d Cir. 1992)................................................................................4

Cerniglia v. Cerniglia,
    679 So.2d 1160 (Fla. 1996).............................................................................16

Chamberlain v. Giampapa,
    210 F.3d 154 (3d Cir. 2000)............................................................................29

Christie v. National Institute for Newman Studies,
    258 F.Supp.3d 494 (D.N.J. 2017) .....................................................................7

Daimler AG v. Bauman,
    571 U.S. 117 (2014)..........................................................................................4

Danziger & DeLlano LLP v. Morgan Verkamp LLC,
    948 F.3d 124 (3d Cir. 2020).........................................................................5, 10

Decker v. Dyson,
    165 Fed. Appx. 951 (3d Cir. 2006) ...................................................................4

DeJoy v. Comcast Cable Comm., Inc.,
    941 F.Supp. 468 (D.N.J. 1996) .......................................................................30

DM Research, Inc. v. College of Amer. Pathologists,
    170 F.3d 53 (1st Cir. 1999)........................................................................24, 28

Frazer v. Bovino,
    317 N.J. Super. 23 (App. Div. 1993) ...............................................................25

Freeman v. State,
    347 N.J. Super. 11 (App. Div. 2002) ...............................................................22

Funk v. Commissioner of Internal Revenue,
    163 F.2d 796 (3d Cir. 1947)............................................................................30

Goodyear Dunlap Tires Operations, S.A. v. Brown,
    564 U.S. 915 (2011)..........................................................................................4

Griffin v. Tops Appliances City, Inc.,
    337 N.J. Super. 15 (App. Div. 2001) ...............................................................27

Hanson v. Denckla,
    357 U.S. 235 (1958)........................................................................................10

Hardage Enterprises, Inc. v. Fidesys Corp.,
    570 So.2d 436 (Fla. 5 DCA 1990) ..................................................................16

Hooper v. Borough of Wenonah,
  977 F.Supp. 305 (D.N.J. 1997) ................................................................14

Hurte v. Leatherby Ins. Co.,
  380 So.2d 432 (Fla. 1980) ......................................................................17

IMO Industries, Inc. v. Kiekert AG,
  155 F.3d 254 (3d Cir. 1998) ...........................................................3, 5, 6, 7

Impink ex rel v. Baldi v. Reynes,
  396 N.J. Super. 553 (App. Div. 2007) ..............................................15, 19

Isetts v. Borough of Roseland,
  364 N.J. Super. 247 (App. Div. 2003) .....................................................19

Jones v. U.S.,
  2015 WL 7432349 (D.N.J., Nov. 23, 2015) .............................................31

Karl's Sales and Service Inc. Gimble Bros., Inc.,
  249 N.J. Super. 487 (App. Div. 1991) .....................................................15

Kelly v. County of Monmouth,
  380 N.J. Super. 552 (App. Div. 2005) .....................................................24

Leang v. Jersey City Board of Education,
  198 N.J. 557 (2009) ..........................................................................23, 24

Ledesma for Ledesma v. Dillard Dept. Stores, Inc.,
  818 F.Supp. 983 (N.D. Tex. 1993) .........................................................29

Liberty Mutual Ins. Co. v. Wolfson,
  299 So.3d 28 (Fla. 4 DCA 2020) ......................................................16, 17

Marten v. Godwin,
  499 F.3d 290 (3d Cir. 2007) ..........................................3, 4, 6, 7, 9, 10

Michelman v. Erlich,
  311 N.J. Super. 57 (App. Div. 1998) .......................................................29

Miller Yacht Sales, Inc. v. Smith,
  384 F.3d 93 (3d Cir. 2004) ........................................................................4

Mulhern v. Rogers,
  636 F.Supp. 323 (S.D. Fla. 1986) .....................................................16, 17

Neitzke v. Williams,
  490 U.S. 319 (1985) ................................................................................29

News America Marketing In-Services LLC v. Floor Graphics, Inc.,
        576 Fed. Appx. 111 (3d Cir. 2014) ........................................................15

O'Connor v. Sandy Lane Hotel Co.,
        496 F.3d 312 (3d Cir. 2007) ..................................................................5

Patterson v. FBI,
        893 F.2d 595 (3d Cir. 1990) ..................................................................3

Peterson v. Atlanta Housing Auth.,
        998 F.2d 904 (11th Cir. 1993) .............................................................29

Pyles v. United Air Lines, Inc.,
        79 F.3d 1046 (11th Cir. 1996) .............................................................29

Rahora v. Earle Finance Corp., Inc.,
        47 N.J. 229 (1966) ..........................................................................15, 19

Remco Distrib., Inc. v. Oreck Corp.,
        814 F.Supp. 171 (D. Mass), aff'd per curiam, 981 F.2d 1245 (1st Cir. 1992) ........29

Rocke v. Pebble Beach Co.,
        541 Fed. Appx. 2008 (3d Cir. 2013) ...................................................5, 6

Russelman v. ExxonMobil Corp.,
        2012 WL 3038589 (D.N.J., July 25, 2012) ..........................................27

Schmidt v. Skolas,
        770 F.3d 249 (3d Cir. 2014) .................................................................30

Seibert v. Cathey,
        216 N.J. Super. 197 (App. Div. 1987) ................................................23

Simone v. Narducci,
        262 F.Supp.2d 381 (D.N.J. 2003) .......................................................22

Slawinski v. Nicholas,
        448 N.J. Super. 25 (App. Div. 2016) ..................................................14

Standard v. Vas,
        279 N.J. Super. 251 (App. Div. 1985) ...........................................23, 25

Turner v. Wong,
        363 N.J. Super. 186 (App. Div. 2003) ......................................26, 27, 28

U.S. v. Kubrick,
        444 U.S. 111 (1979) ............................................................................22

Van Houten Service, Inc. v. Shell Oil Co.,
   417 F.Supp. 523 (D.N.J. 1975) ................................................................14, 20

Walburn v. Rovema Packaging Machs. L.P.,
   2008 WL 852443 (D.N.J., Mar. 28, 2008).............................................5, 10

Walden. Christie v. National Institute for Newman Studies,
   258 F.Supp.3d 494, 501 (D.N.J. 2017) ..............................................................7

Walden v. Fiore,
   571 U.S. 277 (2014)...........................................................................5, 7

Wigginton v. Servidio,
   324 N.J. Super. 114 (App. Div. 1999) ......................................................23

Williams v. Edelman,
   408 F.Supp.2d 1261 (S.D. Fla. 2005) ......................................................29

Williams v. Williams,
   251 So.3d 926 (Fla. 4 DCA 2018) ...........................................................16

Yurick v. State,
   184 N.J. 70 (2005) ....................................................................................29

**Statutes**

N.J.S.A. 2A:14-2(a) ....................................................................................22, 25

N.J.S.A. 2A:61B-1(a)(1).....................................................................................21

**Other Authorities**

L.Civ.R. 201.1(d)(1) ............................................................................................31

L.Civ.R. 201.1(d)(2) ............................................................................................32

L.Civ.R. 201.1(e)(6)............................................................................................32

## PRELIMINARY STATEMENT

Plaintiff Whitney Wetherhill Stroh ("Plaintiff") has commenced this frivolous lawsuit (the "Action") against his sister, Frances Robertson Stroh ("Ms. Stroh"), for alleged acts of sexual and physical abuse when both were children in the 1970s and early 1980s.  Plaintiff identifies two (2) acts of alleged sexual abuse that occurred in West Orange, New Jersey, when Plaintiff and Ms. Stroh visited their grandmother with their parents in 1975.  At the time, Plaintiff was 4-5 years old and Ms. Stroh was 8-9 years old.  After the commencement of the Action, it was referred to mandatory non-binding arbitration.

Ms. Stroh vehemently denies the scurrilous and false allegations set forth in the Complaint. She has never sexually or physically abused her brother.  She now moves to vacate or exempt the Action from arbitration and to dismiss the Complaint for lack of personal jurisdiction pursuant to Fed.R.Civ.P. 12(b)(2) and for failure to state claims per Fed.R.Civ.P. 12(b)(6) (the "Motion").

Ms. Stroh seeks to exempt this matter from arbitration because it is not eligible for arbitration.  However, beyond that, the Court cannot address the facts or issues raised in the Complaint because Ms. Stroh is not subject to the personal jurisdiction of this Court.  She has no contacts with this State sufficient to subject her to personal jurisdiction in New Jersey.  Perhaps more significant, Plaintiff has filed this frivolous lawsuit and asserted the claims set forth therein, in the face of a binding broad general release executed by Plaintiff and Ms. Stroh in November 2019, which bars forever these claims and any other claims that these parties might assert against each other.  Even if they were not barred, the claims related to alleged sexual abuse must be dismissed because the definition of sexual abuse under the New Jersey Child Sex Abuse Act requires an adult actor.  Finally, all of the claims asserted in the Complaint should be dismissed based on the applicable statute of limitations.

## **STATEMENT OF FACTS**

In support of her Motion, Ms. Stroh adopts and incorporates herein the facts set forth in her declaration dated April 9, 2021 ("Ms. Stroh Decl.") and the declaration of Christopher H. Westrick, Esq. dated April 9, 2021 (the "Westrick Decl."), and the exhibits annexed thereto.

## **PROCEDURAL HISTORY**

On February 5, 2021, Plaintiff filed a complaint against Ms. Stroh in the Superior Court of New Jersey, Essex County, Docket No. ESX-L-994-21 (the "Action").  On March 5, 2021, Ms. Stroh removed the Action to this Court pursuant to 28 U.S.C. §1441 (b).  On March 5, 2021, the Action was referred to mandatory non-binding arbitration.

## LEGAL ARGUMENT

I.   **BECAUSE THE PLAINTIFF IS UNABLE TO DEMONSTRATE THAT THIS COURT HAS EITHER SPECIFIC OR GENERAL PERSONAL JURISDICTION OVER MS. STROH, THE COMPLAINT SHOULD BE DISMISSED PURSUANT TO FED.R.CIV.P. 12(b)(2).**

To exercise personal jurisdiction over a defendant, the Court must undertake a two-step inquiry: first, it must apply the relevant state long arm statute to see if it permits the exercise of jurisdiction and second, it must apply the precepts of the due process clause.  Under New Jersey law, this inquiry is collapsed into a single step because the New Jersey "long arm" statute permits the exercise of personal jurisdiction to the fullest limits of due process.  IMO Industries, Inc. v. Kiekert AG, 155 F.3d 254, 259 (3d Cir. 1998).  Personal jurisdiction under the Due Process Clause depends on the relationship among the defendant, the forum and the litigation in question.  Id.

To establish personal jurisdiction, the Plaintiff must show that Ms. Stroh purposely directed her activities towards the residents of the forum state, New Jersey, or otherwise purposely availed herself of the privilege of conducting activities within New Jersey, thereby invoking the benefits of protections of its laws.  Id.  In the context of a court's assessment of personal jurisdiction, while disputed issues are construed in the plaintiff's favor, jurisdictional allegations may be contradicted by the defendant through the submission of opposing affidavits or other evidence, at which point the plaintiff then is required to respond with actual proofs, not mere allegations.  Patterson v. FBI, 893 F.2d 595, 603 (3d Cir. 1990).

The Due Process Clause requires that a non-resident defendant have certain minimum contacts with the forum state sufficient to show that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.  Marten v. Godwin, 499 F.3d 290, 296 (3d Cir. 2007).  "General jurisdiction exists when a defendant has maintained systematic and

3

continuous contacts with the forum state." Id.  "For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile . . ." Goodyear Dunlap Tires Operations, S.A. v. Brown, 564 U.S. 915, 924 (2011).  A court may exercise general personal jurisdiction over a defendant corporation "whose affiliations with the state 'are so 'continuous and systematic' as to render [it] essentially at home in the forum State.'" Daimler AG v. Bauman, 571 U.S. 117, 139 (2014) (quoting Goodyear, 564 U.S. at 924).

In this case, the Plaintiff has the burden of making a prima facie showing in the Complaint that Ms. Stroh is subject to general jurisdiction.  Decker v. Dyson, 165 Fed. Appx. 951, 952 (3d Cir. 2006).  As he has not done so in the Complaint, there can be no exercise of general jurisdiction over Ms. Stroh in New Jersey.  This is further buttressed by the fact that the Plaintiff is domiciled in and a resident of Florida, and Ms. Stroh has been domiciled in and a resident of California.  See Frances Stroh Decl. dated April 9, 2021 submitted in support of the within motion ("Ms. Stroh Decl.") at ¶2.

"Specific jurisdiction exists when the claim arises from or relates to conduct purposely directed at the forum state." Marten, 499 F.3d at 296.  Plaintiff bears the burden of proving, by a preponderance of the evidence, that the exercise of personal jurisdiction over Ms. Stroh is proper.  Carteret Savings Bank, FA v. Shushan, 954 F.2d 141, 146 (3d Cir. 1992).  To meet that burden, the Plaintiff is obligated to establish jurisdictional facts through sworn affidavits or other competent evidence.  Miller Yacht Sales, Inc. v. Smith, 384 F.3d 93, 101, n6 (3d Cir. 2004).

Ordinarily, the Court's determination whether specific jurisdiction exists involves a three-part inquiry:  first, the defendant must have "purposefully directed his activities" at the forum state; second, plaintiff's claim must "arise out of or relate to at least one of the defendant's specific activities"; and third, the Court's consideration of additional factors to ensure the assertion of

jurisdiction otherwise "comports with fair play and substantial justice".  Marten, 499 F.3d at 296 (citations omitted).  Specific jurisdiction is generally to be evaluated on a claim-by-claim basis. Id.

"Under the purposeful availment inquiry, the act itself must deliberately target the forum state and establish such a relationship between the defendant and the forum such that it is reasonable to require the defendant to answer for such acts in that state."  Walburn v. Rovema Packaging Machs. L.P., 2008 WL 852443 * 6 (D.N.J., Mar. 28, 2008).  Critically, the Plaintiff's cause of action here must arise out of contacts that Ms. Stroh herself has created with New Jersey. Walden v. Fiore, 571 U.S. 277, 284 (2014).  Whether his claims "arise out of or relate to the defendant's contact with the forum state depends on the nature of the claims brought."  O'Connor v. Sandy Lane Hotel Co., 496 F.3d 312, 317 (3d Cir. 2007).

In meeting his evidential burden, the Plaintiff must establish with reasonable particularity the three elements for the exercise of specific jurisdiction.  Danziger & DeLlano LLP v. Morgan Verkamp LLC, 948 F.3d 124, 129 (3d Cir. 2020).  In meeting the second standard, the review of tort claims requires a closer and more direct causal connection than "but-for causation."  Id. at 130. "The defendant must have benefited enough from the forum state's laws to make the burden of facing litigation there proportional to those benefits.  (citation omitted)  Plus, intentional torts require more: 'the defendant [must have] expressly aimed [her] tortious conduct at the forum' to make the forum' the focal point of the tortious activity.'"  Id. (quoting IMO Indus., 155 F. 3d at 265-66).

Isolated or sporadic contacts absent a showing a deliberate action by a defendant are insufficient to establish the minimum contacts to establish specific jurisdiction.  Rocke v. Pebble Beach Co., 541 Fed. Appx. 2008, 2011 (3d Cir. 2013).  In short, to establish "purposeful

availment", there must be evidence that the defendant herself purposely conducted activity in the forum state, directly targeted that state and knowingly interacted with its residents or through sufficient other related contacts.  Id. 211-212.

Another basis for the exercise of specific personal jurisdiction can be established using the "effects" test, first recognized in Calder v. Jones, 465 U.S. 783 (1984).  The Third Circuit has determined Calder allows a plaintiff to demonstrate personal jurisdiction if he shows: (1) the defendant committed an intentional tort, (2) the plaintiff felt the brunt of the harm in the forum state such that the forum was the focal point of the harm suffered as a result of that tort, and (3) the defendant expressly aimed his tortious conduct at the forum such that the forum can be said to be the focal point of the tortious activity.  Marten, 499 F.3d at 297 (citing IMO Indus., 155 F.3d at 265-66).

"The effects test and traditional specific jurisdiction analysis are different but they are cut from the same cloth.  Just as the standard test prevents a defendant from 'be[ing] haled into a jurisdiction solely as a result of random, fortuitous or attenuated contacts,' (citation omitted), the effects test prevents a defendant from being haled into a jurisdiction solely because the defendant intentionally caused harm that was felt in the forum state if the defendant did not expressly aim his conduct at that state."  Marten, 499 F.3d at 297.  Under the Calder "effects" test, it is only where a plaintiff properly demonstrates the "expressly aimed" element of the test is met, that the Court then needs to consider the remaining two elements.  Id.  To establish Ms. Stroh "expressly aimed" her conduct towards this forum state, the Plaintiff must show she knew that he would suffer the brunt of the harm caused by the tortious conduct in New Jersey, and point to specific activity indicating Ms. Stroh expressly aimed her tortious conduct at this state.  Id. at 297-98.  Here, if the Plaintiff fails to show Ms. Stroh manifested behavior intentionally targeted at and focused on the

State of New Jersey, he "fails to establish jurisdiction under the effects test."  <u>Marten</u>, 499 F.3d at 298.

Since the Supreme Court's issuance of <u>Calder</u>, the federal courts have struggled to apply the "effects" test to tortious conduct other than defamation.  Consequently, the Supreme Court revisited the test in <u>Walden</u>.  <u>Christie v. National Institute for Newman Studies</u>, 258 F.Supp.3d 494, 501 (D.N.J. 2017).  Thereunder, the Supreme Court stressed that the contacts with the forum state must be created by the defendant himself.  <u>Id.</u>  It further elaborated on the second and third prongs of the "effects" test (the "brunt of the harm" and "expressly aimed" standards), by "explaining that the inquiry must focus 'not where the plaintiff experienced a particular injury or effect but whether the defendant's conduct connects him to the forum in a meaningful way.'"  <u>Id.</u> (quoting <u>Walden</u>, 571 U.S. at 287).

Importantly, <u>Calder</u>'s holding and the "effects" test cannot be severed from its facts.  <u>IMO Indus.</u>, 155 F.3d at 261.  The Third Circuit noted those critical facts as follows:

> First, the defendant committed an intentional tort.  Second, the forum was the focal point of the harm suffered by the plaintiff as a result of that tort.  Third, the forum was the focal point of the tortious activity in the sense that the tort was 'expressly aimed' at the forum.  Essential was a corollary finding that the defendants knew that the "brunt" of the injury caused by their tortious acts would be felt by the plaintiff in the forum.

<u>Id.</u>

In this case, Ms. Stroh has never lived or resided within the State of New Jersey, nor has she ever worked or been employed within this state.  Ms. Stroh Decl. at ¶7.  During her childhood, she and her brother and were brought to New Jersey by their parents on a number of occasions to visit their grandmother, who resided in West Orange, New Jersey.  <u>Id.</u>  Since the age of 21, her sole contacts with or connection to New Jersey has consisted of communications with her mother,

who lives in West Orange, New Jersey, and visits to see her mother once a year or once every other year at her mother's residence in West Orange.  Id. at ¶8.

Indeed, since she was 21 years old, Ms. Stroh has done no act in the State of New Jersey that would subject her to the jurisdiction of this state.  Id. at ¶12.  Specifically, she has not: (i) operated, conducted, engaged in, or carried on a business or business venture in this state, nor have she maintained any office or agency in this state; (ii) committed a tortious act within this state; (iii) owned or held a mortgage or other lien on any real property within this state; (iv) contracted to insure a person, property, or risk located within this state; (v) caused injury to persons or property within this state arising out of any act or omission outside this state; (vi) engaged in solicitation or service activities within this state; (vii) manufactured, processed, or serviced any products, materials, or things used or consumed within this state in the ordinary course of commerce, trade, or use; and/or (viii) breached a contract in this state by failing to perform acts required by the contract to be performed in this state.  Id.

Since she was 21, Ms. Stroh has never owned, leased or mortgaged any real property in New Jersey, nor owned, leased or registered any automobile, vessel or any other type of motorized vehicle in this state.  Id. at ¶13.  Since she was the age of 21, she has not paid any taxes or been required to pay any taxes in or to the State of New Jersey.  Id. at ¶14.  She has held no license issued by the State of New Jersey.  Id.  Other than in this case, Ms. Stroh has never been involved either as a plaintiff or defendant in any lawsuit in New Jersey.  Id. at ¶15.

The facts set forth in the Ms. Stroh Decl. clearly demonstrate that, as a matter of law, this Court does not have general personal jurisdiction over Ms. Stroh and that general personal jurisdiction does not exist over Ms. Stroh in New Jersey.  She has in no way maintained the required systematic and continuous contacts with New Jersey sufficient to render it her home state

or domicile.  See Marten, 499 F.3d at 296.  The Complaint is devoid of any facts alleging general jurisdiction.  See Westrick Decl., Exh. A (Notice of Removal/Plaintiff's Complaint).

Consequently, the Plaintiff has to establish that specific personal jurisdiction exists as to Ms. Stroh, either under the standard specific jurisdictional standards or the Calder "effects" test as modified by Walden.  The Complaint alleges that Ms. Stroh purportedly committed two acts of sexual molestation upon Plaintiff when he was approximately 4-5 years of age and she was 8-9. See Complaint, Statement of Facts.  It further alleges they occurred during a 1975 visit by their family to their grandmother's residence in West Orange, New Jersey.  Id. The other acts of assault or abuse set forth in the Complaint fail to set forth the specific dates, times, situs or location of when and where said alleged acts took place.  Id.  The Complaint does not allege that they took place in New Jersey.  Id.

During the period of their childhood from 1975 to December 1984, Plaintiff and Ms. Stroh resided in the State of Michigan with their parents.  Ms. Stroh Decl., ¶7.  The only New Jersey based contact (the 1975 abuse accusations) are gravely attenuated and tenuous given that they allegedly occurred while the Plaintiff and Ms. Stroh were young children on a family vacation and visit to this state, a trip that was undertaken, directed, scheduled and overseen by their parents.  Id. at ¶9.  The purported (and denied) acts of abuse occurred in New Jersey, purely based on the fortuity of the parties' parents taking them to New Jersey on a trip as minors.

Therefore, the Complaint does not allege and no evidence exists showing that the claims arise or relate to conduct that Ms. Stroh purposely directed in 1975 at the State of New Jersey.  As a result, the Plaintiff is wholly unable to satisfy the second element of the standard specific jurisdiction test, because his claim does not arise or relate to any activity that Ms. Stroh herself purposely directed at the State of New Jersey.

The Complaint is devoid of allegations, and there can be no evidence, that Ms. Stroh has benefited from New Jersey's laws in any way that makes the burden of her facing litigation here proportional to those non-existent benefits.  Any suggestion to the contrary is specious.  Because the Plaintiff's claims involve intentional torts, he is required to allege and establish that Ms. Stroh expressly aimed that tortious conduct at New Jersey, and to make this state the focal point of such tortious activity.  Danziger, 948 F.3d at 130.  The suggestion that an 8-9 year old child benefited enough from this state's laws from a family trip or expressly aimed any conduct during it she may committed at this forum (when Ms. Stroh was a child), demonstrates that as a matter of law there can be no specific jurisdiction over her.  As a matter of law, the allegations of the Complaint demonstrate that Ms. Stroh did not deliberately target New Jersey in 1975 and no relationship existed between herself and this state sufficient to render it reasonable to require her to answer for such acts in New Jersey.  Walburn, 2008 WL 852443 * 6.  Importantly, the unilateral activity of third parties (her parents), cannot satisfy the requirement that a defendant have minimum contacts with the forum state in question, New Jersey.  Hanson v. Denckla, 357 U.S. 235, 253 (1958).

Under the Supreme Court's "effects" test, only where the "expressly aimed" element is met does the Court consider the test's other two necessary elements.  Marten, 499 F. 3d at 297.  To establish Ms. Stroh had so "expressly aimed" her conduct at New Jersey in 1975, the Plaintiff would have to allege and demonstrate by admissible and competent evidence that Ms. Stroh knew he would suffer the brunt of harm caused by acts in New Jersey and to the specific activity showing Ms. Stroh expressly aimed her tortious conduct at this state.  Id.  The Complaint contains no such allegations whatsoever.  See Westrick Decl., Exh. A (Notice of Removal/Plaintiff's Complaint).  Indeed, if Plaintiff truly suffered harm, the type of mental injury that true victims of sexual abuse suffer, it would presumably have occurred afterward, in Michigan, where the parties lived at the

time.  The facts in the Ms. Stroh Decl. demonstrate that there is no competent evidence to support the imposition of specific personal jurisdiction over her, because the Plaintiff is unable to satisfy his burden of demonstrating that she expressly aimed her alleged conduct at and towards the State of New Jersey.  Marten, 499 F. 3d at 298.

For these reasons, Ms. Stroh's motion to dismiss for lack of personal jurisdiction should be granted.

**II.**











### III.     THE FIRST COUNT OF THE COMPLAINT MUST BE DISMISSED BECAUSE IT DOES NOT STATE A VIABLE CHILD SEX ABUSE CLAIM AGAINST MS. STROH.

The First Count of the Complaint is entitled (Sexual Abuse), and purports to assert a child sex abuse cause of action at law against Ms. Stroh.   See Westrick Decl., Exh. A (Notice of Removal/Plaintiff's Complaint).   The recognized statutory cause of action for child sexual abuse in New Jersey is the Child Sex Abuse Act, N.J.S.A. 2A:61B-1 (the "CSAA").   The vague and nebulous pleading in that Count forces Ms. Stroh to speculate as to the nature of any cause of action that the First Count purports to assert against her.

The term "Sex Abuse" is defined in the CSAA as acts of "sexual contact or sexual penetration between a child under the age of 18 years and an adult."   N.J.S.A. 2A:61B-1(a)(1). (Emphasis added).   Any cause of action under the CSAA (purported to be stated in the First Count), fails to state a claim upon which relief may be granted, because Plaintiff alleges that the purported acts of sexual abuse took place in 1975, when Ms. Stroh was 8-9 years old.   See Westrick Decl., Exh. A (Notice of Removal/Plaintiff's Complaint).   Because Plaintiff was 8-9 years old when she allegedly committed those acts, she was not an "adult", she cannot be liable under the CSAA and the cause of action fails as a matter of law.   Thus, the First Count of the Complaint should be dismissed with prejudice.

**IV.    THE SECOND AND THIRD COUNTS OF THE COMPLAINT MUST BE DISMISSED BECAUSE SUCH CLAIMS ARE TIME-BARRED AND THEY DO NOT STATE VIABLE CLAIMS AGAINST MS. STROH.**

The Second Count of the Complaint is entitled: "Assault", and the Third Count is entitled: "Battery".  These counts purport to assert discrete assault and battery tort causes of action against Ms. Stroh.  See Westrick Decl., Exh. A (Notice of Removal/Plaintiff's Complaint).  Any assault cause of action stated in the Second Count and battery cause of action stated in the Third Count of the Complaint are governed and barred by the applicable two (2) year statute of limitations, N.J.S.A. 2A:14-2(a).

N.J.S.A. 2A:14-2 governs actions for personal injury and requires a plaintiff to commence an action within two years after the cause of action accrues.  Baird v. American Medical Optics, 155 N.J. 54, 65 (1988).  "Critical to the running of the statute is the injured party's awareness of the injury and the fault of another."  Id. at 66.  This two year limitations statute applies because the gravamen of the Plaintiff's complaint is injury to his person.  Carney v. Finn, 145 N.J. Super. 234, 235-36 (App. Div. 1976).  Importantly, "it is clear that '[w]here a claimant is aware that harm has been done him, ignorance of his legal rights does not toll the statute of limitations because he is 'armed with the facts' and 'can protect himself by seeking advice.'"  Simone v. Narducci, 262 F.Supp.2d, 381, 387 (D.N.J. 2003) (quoting U.S. v. Kubrick, 444 U.S. 111, 123 (1979)); Freeman v. State, 347 N.J. Super. 11, 22 (App. Div. 2002)).

Under the "discovery rule" doctrine, the accrual of a cause of action is postponed only so long as a claimant is reasonably unaware either (1) that he has been injured; or (2) that the injury is due to the fault of an unidentifiable individual or entity.  Abboud v. Viscomi, 111 N.J. 56, 62 (1988).  "Once a person knows or has reason to know of this information, his or her claim has accrued, since at that point, he or she is actually or constructively aware 'of that state of facts which

may equate in law with a cause of action.'" Id. at 63 (quoting Burd v. N.J. Telephone Co., 76 N.J. 284, 291 (1978)).

The Second Count purports to set forth a cause of action for the common law intentional tort of assault.  "A person is subject to liability for the common law tort of assault if '(a) he acts intending to cause a harmful or offensive contact with a third person, or an imminent apprehension of such a contact, and (b) the other is thereby put in such imminent apprehension.'" Leang v. Jersey City Board of Education, 198 N.J. 557, 591 (2009)(quoting Wigginton v. Servidio, 324 N.J. Super. 114, 129 (App. Div. 1999)(internal citation omitted)).  The Third Count of the Complaint purports to set forth a cause of action for the common law intentional tort of battery, which is based on one person's intentional non-consensual touching of another.  Id.  These well settled elements of the torts of assault and battery demonstrate they are addressed to personal injuries to and suffered by the person.  Therefore the two year limitations period fixed in N.J.S.A. 2A:14-2 applies to the Second and Third Counts of the Complaint.

Per the allegations of the Complaint, the purported tortious conduct Plaintiff alleges Ms. Stroh committed against him took place between 1975 and December 1984, when the Plaintiff was 13 and Ms. Stroh was 18.  See Westrick Decl., Exh. A (Notice of Removal/Plaintiff's Complaint, paras. 12 to 24).  The Plaintiff is currently fifty (50) years of age.  See Ms. Stroh Decl., ¶3.

Plaintiff alleges in the Complaint that Ms. Stroh's alleged abusive conduct started in 1975, years after the statutory amendments that lowered the limitations age of majority from 21 to 18.  Per that change in the law, all claimants personally injured while younger than eighteen were required to bring an action for damages by their twentieth birthday, at the latest.  See Seibert v. Cathey, 216 N.J. Super. 197, 199-200 (App. Div. 1987).  To close out any argument otherwise (regarding the appropriate limitation deadline), that issue was settled in Standard v. Vas, 279 N.J.

Super. 251, 253-56 (App. Div. 1985).  At the very latest, the Plaintiff would have been required to file any assault and battery causes of action he may have possessed against Ms. Stroh by the time he reached his twenty-first (21st) birthday in 1992.  However, Plaintiff elected to wait some 27 years and did not file the Complaint until February 5, 2021, almost three decades after the applicable statute of limitations period had run on those claims.  Based on the foregoing, the Second and Third Counts of the Complaint are now long since time-barred and the Court should, respectfully, dismiss them with prejudice.

In the event the Court determines to review the sufficiency of the pleading of these Counts, they fail to set forth specific factual allegations sufficient to pass the federal pleading threshold by failing to raise specific allegations as to every one of the requisite elements of each cause of action. DM Research, Inc. v. College of Amer. Pathologists, 170 F.3d 53, 55 (1st Cir. 1999). The Second Count fails to allege that Ms. Stroh intentionally acted to cause a harmful or offensive contact with the Plaintiff or to place or cause him to be in imminent apprehension of such harmful or offensive contact.  Leang, 198 N.J. at 591.  Because those required elements were not alleged, the assault cause of action is fatally defective and should be dismissed.

Further, it is settled that the tort of battery is established by demonstrating that an intentional non-consensual touching or unauthorized invasion of a plaintiff's person occurred (even if harmless).  Kelly v. County of Monmouth, 380 N.J. Super. 552, 559 (App. Div. 2005). Thus, a valid battery cause of action must assert the essential element that the defendant acted intending a harmful or offensive contact upon the Plaintiff.  Because the Third Count contains no such allegations, it is fatally defective and should be dismissed.

## V.    THE FOURTH COUNT OF THE COMPLAINT MUST BE DISMISSED BECAUSE ANY SUCH CLAIM IS TIME-BARRED AND IT DOES NOT STATE A VIABLE INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS CLAIM AGAINST MS. STROH.

Any intentional infliction of emotional distress ("IIED") cause of action set forth in the Fourth Count of the Complaint is also barred by the two year statute of limitations in N.J.S.A. 2A:14-2(a).  In Frazer v. Bovino, 317 N.J. Super. 23 (App. Div. 1993), the Appellate Division held that that statute governs causes of action sounding in negligence and in the purported infliction of emotional distress.  Frazer, 317 N.J. Super at 34; see Barrentine v. N.J. Transit, 2013 WL 4606781 *9, n. 1 (D.N.J., Aug. 28, 2013) (where the court held plaintiff's IIED and NIED claims were not filed within two years of plaintiff's termination date, thus they were time-barred since the period had run on those claims).  The limitation period for any IIED claim begins to run when the plaintiff knew or had reason to know of his alleged injuries.  Campanello v. Port Authority of NY/NJ, 590 F.Supp.2d 694, 699-700 (D.N.J. 2008).

In this case, the Plaintiff alleges that Ms. Stroh introduced him to marijuana and alcohol in 1983 when he was 11 (and Ms. Stroh was 16), and to cocaine in December 1984 when he was 13 (and she was 18).  See Westrick Decl., Exh. A (Notice of Removal/Plaintiff's Complaint, ¶¶20 to 24).  He further alleges that Ms. Stroh attempted to drown him in "swimming pools throughout [his] childhood", pushed him down "stairs during childhood", and assaulted and attacked him on a regular basis throughout his childhood.  Id.

Any IIED claim that the Plaintiff possessed accrued decades before he filed the Complaint on February 5, 2021.  The Plaintiff is now 50.  New Jersey law required the Plaintiff, at the very latest, to file any IIED claim stemming from his false accusations of childhood abuse in the period between his eighteenth (18th) birthday and his twenty-first (21st) birthday.  Standard, 279 N.J.

Super. at 253-56.  As a result, any IIED claim stated in the Fourth Count of Plaintiff's Complaint has also been time-barred for 27 years, and should, respectfully, be dismissed with prejudice by the Court.

In the event that the Court determines to review the sufficiency of this Count's pleading, New Jersey's district courts have noted that IIED claims are properly dismissed where, as here, the Plaintiff failed to raise sufficient allegations to support a viable IIED cause of action.  Acevedo v. Msgr. Donovan High School, 420 F.Supp.2d 337, 348-49 (D.N.J. 2006).

To state a viable IIED claim under New Jersey law, a plaintiff has to allege and show intentional and outrageous conduct, proximate cause, and that he has suffered severe emotional distress.  Buckley v. Trenton Saving Fund Society, 111 N.J. 355, 366 (1988).  "Initially, the plaintiff must prove that the defendant acted intentionally or recklessly.  For an intentional act to result in liability, the defendant must intend both to do the act and to produce emotional distress. [citation omitted].  Liability will also attach when the defendant acts recklessly in deliberate disregard of a high degree of probability that emotional distress will follow."  [citations omitted]. Buckley, 111 N.J. at 366.

The defendant's conduct must be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community."  Buckley, 111 N.J. at 366.  The defendant's actions must proximately cause plaintiff's emotional distress, which must be so severe that no reasonable person could be expected to endure it.  The court then "decides whether as a matter of law such emotional distress can be found, and the jury decides whether it has in fact been proved."  Id. at 367.  On the element of severe emotional distress, to sustain a claim, Plaintiff is required to provide allegations of and

corroborating medical evidence of the physical or psychological symptoms that he has suffered. See Turner v. Wong, 363 N.J. Super. 186 (App. Div. 2003).

The mere fact that defendants may have acted for an improper purpose does not give rise to an actionable claim. Id. at 348. Importantly, Plaintiff is precluded from pursuing an IIED claim where, as here, he is trying to circumvent the required elements of or avoid the applicable defenses to other causes of action which directly govern the particular form of conduct of which he falsely accuses Ms. Stroh. Griffin v. Tops Appliances City, Inc., 337 N.J. Super. 15, 24 (App. Div. 2001).

In Russelman v. ExxonMobil Corp., 2012 WL 3038589 (D.N.J., July 25, 2012), the court ruled that IIED plaintiffs carry a heavy burden of proof due to the limited scope of that cause of action under New Jersey law. Russelman, 2012 WL 3038589 *8. While not required to prove all four requisite elements in opposing a motion to dismiss, those four claim elements must be clearly alleged by Plaintiff if his Complaint is to survive dismissal. Where that burden is not met, no viable IIED claim has been plead. Id.

It is for this Court to decide whether, as a matter of law, severe emotional distress can be found in this familial setting and the facts alleged in the Complaint. Buckley, 111 N.J. at 467. Plaintiff has failed to allege specific facts showing that Ms. Stroh intended to cause him emotional distress, that her behavior towards him was extreme and outrageous, and that Plaintiff's emotional distress was severe. Count Four of the Complaint fails to set forth specific factual allegations sufficient to pass the federal pleading threshold. DM Research, 170 F.3d at 55. Instead, it improperly raises solely bald and conclusory allegations of only a few of the requisite elements of the IIED cause of action. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).

The Fourth Count is devoid of any specific facts stating that: (a) Ms. Stroh engaged in the required extreme and outrageous conduct; and (b) Plaintiff suffered the requisite severe emotional

distress as documented by any psychological or medical treatment he received for the alleged distress and of the requisite serious physical or psychological symptoms that allegedly affect him. Turner, 363 N.J. Super. at 200.  "Severe emotional distress is a severe and disabling emotional or mental condition which may be generally recognized and diagnosed by trained professionals." (internal citation omitted).  The emotional distress must be sufficiently substantial to result in either physical illness or serious psychological sequelae.  (internal citation omitted).  Id.  In short, the standard is an objective one and the defendant's conduct must be alleged to be sufficiently severe to cause genuine and substantial emotional distress or mental harm in and to the average person. Id.  Because Fourth Count of the Complaint is fatally deficient, the Court should, respectfully, dismiss it with prejudice.

### VI. THE STANDARDS GOVERNING MS. STROH'S MOTION TO DISMISS PURSUANT TO RULE 12(b)(6).

Ms. Stroh also moves under Fed.R.Civ.P. 12(b)(6) to dismiss the Complaint filed by her brother, the Plaintiff, for failure to state claims upon which relief may be granted against her.  The Complaint will be dismissed on the pleadings if he failed to plead grounds showing his entitlement to relief against Ms. Stroh.  The Complaint must go beyond alleging labels and conclusions and mere formulaic recitations of the elements of a cause of action; it must set forth factual allegations which raise the right to relief beyond a speculative level.  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  The precept that factual allegations must be accepted for purposes of a Rule 12(b)(6) motion does not automatically extend to bald assertions, subjective characterizations or legal conclusions raised therein.  The factual allegations contained in a legally sufficient complaint must be specific enough to justify "dragging a defendant past the pleading threshold in any given case."  DM Research, Inc. v. College of Amer. Pathologists, 170 F.3d 53, 55 (1st Cir. 1999).

Dismissal is warranted when a complaint runs contrary to a dispositive issue of law, as to which no construction of the factual allegations will suffice, Williams v. Edelman, 408 F.Supp.2d 1261, 1264 (S.D. Fla. 2005), or "lacks a sufficient factual predicate." Pyles v. United Air Lines, Inc., 79 F.3d 1046, 1049 (11th Cir. 1996). The sweep of Rule 12(b)(6) clearly covers "claims of law which are obviously insupportable." Neitzke v. Williams, 490 U.S. 319, 327 (1985). In considering a motion to dismiss addressing state law claims, the existence or non-existence of a claimed cause of action is to be governed by the applicable state substantive law. See Chamberlain v. Giampapa, 210 F.3d 154, 158 (3d Cir. 2000); see also Yurick v. State, 184 N.J. 70 (2005); Michelman v. Erlich, 311 N.J. Super. 57 (App. Div. 1998).

To survive this motion, Plaintiff was obligated to set forth in the Complaint factual allegations, either direct or inferential, regarding each material element necessary to sustain recovery under actionable legal theories. Remco Distrib., Inc. v. Oreck Corp., 814 F.Supp. 171, 174 (D. Mass), aff'd per curiam, 981 F.2d 1245 (1st Cir. 1992). A complaint fails to state a claim where it has pled nothing factually that satisfies each of the requisite elements of the particular cause of action. Pyles, 79 F.3d at 1049. Complaints should be dismissed where they lack a sufficient factual predicate that substantiates the claims presented.

The Court's "duty to liberally construe a plaintiff's complaint in the face of a motion to dismiss is not the equivalent of a duty to rewrite it" or to supply missing factual allegations. Peterson v. Atlanta Housing Auth., 998 F.2d 904, 912 (11th Cir. 1993). Where a complaint omits facts concerning pivotal elements of a claim, the Court is justified in assuming the non-existence of those omitted facts. Ledesma for Ledesma v. Dillard Dept. Stores, Inc., 818 F.Supp. 983, 984 (N.D. Tex. 1993). Consequently, it is inappropriate for the Court to presume a plaintiff can prove

29

any facts which he has not alleged.  DeJoy v. Comcast Cable Comm., Inc., 941 F.Supp. 468, 473 (D.N.J. 1996).

Dismissal is required where the pleading offers merely conclusions, formulaic recitations of the elements of a cause of action, or simply tenders naked assertions devoid of further factual enhancement.  Ashcroft, 129 S. Ct. at 1949.  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Id. (quoting Twombly, 550 U.S. at 555).

Generally, on Rule 12(b)(6) motions, the Court is limited to the four corners of the pleading in issue.  However, documents which are attached to, integral to or relied upon in the pleadings as well as matters of public record, are deemed to be part of the pleadings and may be considered by the Court without converting the motion to a motion for summary judgment per Rule 12(b).  In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997); In re Bayside Prison Litig., 190 F.Supp.2d 755, 760 (D.N.J. 2002).  Such documents need not actually be annexed to the pleadings to be considered by the Court; they may have been partially quoted in the pleadings or simply referenced therein.  Burlington, 114 F.3d at 1426.

In deciding a Rule 12(b)(6) motion, the Court may consider documents which are integral to or explicitly relied on by Plaintiff in drafting his complaint without converting the motion to a summary judgment motion.  Schmidt v. Skolas, 770 F.3d 249 (3d Cir. 2014).  Courts may further take judicial notice of public records, including decision and reports of government agencies.  Id. The extent to which federal courts may take judicial notice of public proceedings "depends to a large degree upon considerations of expediency and justice under the particular circumstances of a case, as well as upon what it is that a court is asked to notice."  See Funk v. Commissioner of Internal Revenue, 163 F.2d 796, 801 (3d Cir. 1947).

In applying the foregoing standards governing Rule 12(b)(6) motions to the Complaint, the Court should find that the challenged pleading fails to state claims upon which relief may be granted and therefore the Complaint should be dismissed.

### VII.   MS. STROH'S MOTION TO VACATE AND EXEMPT THIS ACTION FROM COMPULSORY ARBITRATION SHOULD BE GRANTED BECAUSE IT IS INELIGIBLE FOR SUCH ARBITRATION AND THAT DESIGNATION WAS MISTAKEN.

This lawsuit was originally filed in the Superior Court of New Jersey, Essex County.  It was removed by Ms. Stroh to this Court.  Thereafter, the case was referred to mandatory non-binding arbitration.  As to referral of cases to arbitration, L.Civ.R. 201.1(d)(1), provides as follows:

> Subject to the exceptions set forth in L.Civ.R. 201.1(d)(2), the Clerk shall designate and process for compulsory arbitration any civil action pending before the Court **where the relief sought consists only of money damages not in excess of $150,000 exclusive of interest and costs and any claim for punitive damages. (Emphasis added).**

The Clerk's designation of this civil action for compulsory arbitration under the Local Rule was in error, because the Plaintiff's Complaint, in its ad damnum clause, specifically seeks entry of judgment, "Awarding compensatory damages in the amount of $10,000,000".  See Westrick Decl., Exh. A (Notice of Removal/Plaintiff's Complaint).

Pursuant to the express terms of the Local Rule, this case is not eligible for compulsory civil arbitration.  In Jones v. U.S., 2015 WL 7432349 (D.N.J., Nov. 23, 2015), the Court denied plaintiff's application for that action to be addressed through compulsory arbitration, ruling it was not eligible because the alleged amount in controversy exceeded the Local Rule's $150,000 limit. Jones, 2015 WL 7432349*5.  Because the Plaintiff's Complaint expressly demands judgment awarding him compensatory damages of $10,000,000, the Clerk's designation of this case for compulsory civil arbitration was erroneous and should be vacated by the Court.

Based on the foregoing, the Court could also find, pursuant to L.Civ.R. 201.1(d)(2) and (e)(6), that this action should be exempt from compulsory civil arbitration because it involves complex and novel legal issues, the case's legal issues predominate over the factual issues, and other good cause exists for the case to be formally adjudicated by the Court. L.Civ.R. 201.1(d)(2) and (e)(6). As set forth herein, "good cause" for exemption exists because the legal issues in this matter predominate over the factual issues.

For all these reasons, the Action should be exempted from compulsory arbitration.

## **CONCLUSION**

For all of the foregoing reasons, Ms. Stroh respectfully requests that the Court grant her motion to: (a) dismiss the Complaint in its entirety per Rule 12(b)(2) and 12(b)(6); and (b) vacate and exempt the Court's designation of this civil case for compulsory arbitration pursuant to Local Civil Rule 201.1(d)(1-2) and (e)(6).

Respectfully Submitted,

CARELLA, BYRNE, CECCHI,
OLSTEIN, BRODY & AGNELLO, P.C.
Attorneys for the Defendant
Frances Robertson Stroh


By: */s/ Christopher H. Westrick*
        CHRISTOPHER H. WESTRICK

Dated: April 9, 2021

#724849v3

33